IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO.

In re:

The Application of Carlos Braun for an
Order to Take Discovery Pursuant to
28 U.S.C. § 1782

_____/

## *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicant Carlos Braun, an individual residing in Buenos Aires, Argentina (the "Applicant"), respectfully submits this *Ex Parte* Application For Discovery Pursuant to 28 U.S.C. § 1782 (the "Application") to obtain documents from certain entities and individuals in this jurisdiction, for use in a civil case pending in Argentina.

The Applicant seeks an order from this Court authorizing his counsel to issue and serve subpoenas for testimony and documents to:

A.  J.P. Morgan Chase Bank, N.A., New York Community Bank, Citigroup Inc., HSBC Bank USA, N.A., Bank of New York Mellon, Santander Bank, N.A., UBS AG, Bank Julius Baer & Co., Ltd., Bank of America and Wells Fargo Bank (collectively, the "Financial Institutions"): related to any accounts under the name of Marina Victoria Saint ("Saint") or Saint's trusts, and upon any other financial institution within the jurisdiction of this Court into which funds were transferred from those accounts, and documents related to those accounts and transfers (collectively, the "Saint Accounts").

B.  Vistra USA, LLC: related to any trusts related to Saint from December 2019 through the present ("Saint Trust").



**Brickell Arch ·1395 Brickell Avenue · Suite 800 · Miami FL 33131 · +1 305 200 8845 ·** www.mpalaw.com

C.   Fox Horan & Camerini LLP ("Fox Horan"): related to financial information about the Saint Accounts or the Saint Trust, from December 2019 through the present.

D.   Ezequiel A. Camerini, Esq. ("Camerini"): related to financial information about the Saint Accounts and any activity related to the Saint Trust, from December 2019 through the present.

This Application meets all the statutory and discretionary requirements for obtaining discovery pursuant to Section 1782, thus, the Applicant respectfully requests that this Application be granted in its entirety. Under Section 1782, an applicant may be granted discovery in the United States in aid of pending foreign litigation or a reasonably contemplated foreign proceeding if: 1) the applicant is an interested party to the foreign proceeding; 2) the individual or entity from which information is sought resides or is found within judicial district; and 3) the information is located within the United States.

Here, all requirements of Section 1782 are met:

1)   The Applicant is the complainant in the Civil Court No. 26 of the City of Buenos Aires (the "Argentine Court"), Case No. 39.849/2019, filed on June 7, 2019 (the "Foreign Proceeding"), and is an "interested person" in that case, as he is the complainant in the Foreign Proceeding, Saint's nephew, and joint owner in the family companies which he seeks to protect from dissipation of assets. In December 2019, the Argentine Court ordered a general restriction of Saint's ability to manage her assets everywhere in the world, including a seizure of certain assets belonging to Saint, and appointed a protector manager (the "Receiver") in charge of the administration of Saint's assets, with the obligation to render periodic accounts before the Argentine Court about her expenses (the "Restriction Order"). The Restriction Order is attached



as **Exhibit A**.[1] Specifically, the Argentine Court issued the Restriction Order, after a report and investigation from the Medical Forensic Board of Argentina resulting in a general inhibition of Saint's estate. *See* Restriction Order, at Sections I and V.

Despite the Restriction Order, the Receiver failed to amount for Saint's New York assets in the Foreign Proceeding and further failed to advise third parties handling her finances in this District, Camerini and Fox Horan, about the Restriction Order, resulting in a continuing de facto violation of the Restriction Order. As a result, the Applicant has reason to believe that Saint has continued to transfer and dissipate funds after the date of the Restriction Order, thus circumventing the Argentine Court. The purpose of this limited discovery is to obtain information necessary to identify Saint's asset in this District, so that they may accounted for in the Foreign Proceeding in compliance with the Restriction Order.

2) The entities and individuals identified above (collectively, the "Witnesses") operate and reside within the Southern District of New York (the "District"); and

3) The requested records are located within this District.

Therefore, the relief sought through this application falls squarely within Section 1782, and has been routinely granted in this District and other courts in relation to similar Section 1782 applications. Additionally, once the requirements of Section 1782 are met, the district court must exercise its discretion considering the statute's goal and the discretionary factors identified by the Supreme Court.

---

[1] An in-house translation of the Restrictive Order is attached as **Exhibit A**. A complete translation by a certified translator is available upon request.



Here, as fully explained in the Memorandum of Law, all discretionary factors weigh in favor of granting this Application: (a) the Witnesses are not parties to the Foreign Proceeding, (b) the Applicant is not trying to circumvent any requirements of the Argentine Court as the documents sought are not located in Argentina, (c) the receptivity of the Argentine Courts to United States federal judicial assistance may be inferred from letters rogatory frequently issued by Argentine tribunals and from Argentina's adherence to the Hague Convention, and (d) the discovery sought is not unduly burdensome or intrusive as it is limited to information directly related to the Foreign Proceeding. Furthermore, granting this application will further the twin goals of Section 1782 of providing efficient means of assistance to participants in international litigation in our federal courts, while also encouraging foreign courts by example to provide similar means of reciprocal assistance to our courts.

In support of this Application, the Applicant submits his Memorandum of Law, the Declaration of Argentine attorney Guillermo Felix Blanco, and a Proposed Order granting the Application, attached as **Exhibit B**.

For these compelling reasons, the Applicant respectfully requests that this Court enter an Order granting the Application and authorizing his counsel to issue and serve the subpoenas



identified in detail in the supporting Memorandum of Law.

Dated: September 9, 2024

                                            Respectfully submitted,

**MPA LAW**
Brickell Arch
1395 Brickell Avenue
Suite 800
Miami, Florida 33138
Telephone: (305) 200 8845
Email: paguila@mpalaw.com
          amador@mpalaw.com


By: */s/ Monica Amador*
    MONICA AMADOR
    Florida Bar No. 29994
    (Pro Hac Vice admission pending)

